# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| KEN R. BELVINS,<br><br>                     Plaintiff,<br>    v.<br><br>SAN BERNARDINO COUNTY<br>SHERIFF'S DEPT., *et al.*,<br><br>                Defendants. | Case No. 5:19-cv-01247-MWF (AFM)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

On July 5, 2019, plaintiff filed a Complaint in this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff subsequently was granted leave to proceed without prepayment of the filing fee. (ECF No. 4.) The Complaint arises from incidents that occurred at the West Valley Detention Center ("WVDC") in Rancho Cucamonga, California. (ECF No. 1 at 2.) Plaintiff names as defendants the San Bernardino County Sheriff's Department ("SBCSD") (*id*. at 1) and Deputy Sheriffs Banuelos, Jackson, Dorsett, Ortega, and Whitt (*id*. at 3-4). All individual defendants are named in both their individual and official capacities. (*Id*.) The Complaint lists two incident dates, May 7, 2019, and May 18, 2019. (*Id*. at 3.)

Plaintiff's Complaint appears to allege only one claim. (*Id*. at 5.) That "claim" appears to arise from an accident on May 7, 2019, that occurred when plaintiff

dropped a "stack of milk crates" on his foot while he was working on the "back dock." (*Id.* at 6.) Plaintiff "was in pain," and he thought that a toe was broken. Plaintiff told Deputy Banuelos about the incident, stating he thought the toe was broken and repeatedly asking for "medical attention." Deputy Banuelos denied plaintiff's requests. (*Id.*) Plaintiff alleges that he was cuffed by Deputy Banuelos and taken to his housing unit without receiving medical attention. At his housing unit, plaintiff "placed a request for medical attention via inmate kiosk," and he also filed a grievance. (*Id.*) Plaintiff "contacted" Deputy Jackson the next day about "receiving medical attention," and Deputy Jackson "gave [him] a disciplinary write-up for allegedly lying to staff." (*Id.*)

At some unspecified time, plaintiff was fired from his work position and moved to a different cell. (*Id.*) On May 18, 2019, plaintiff told Deputy Dorsett that plaintiff's "cellmate was a rapeist [sic] and that [plaintiff] did not want to be in the same cell." Plaintiff asked to be "moved in order to avoid a life-threatening circumstance between [his] cellmate and [plaintiff]." (*Id.*) Deputy Dorsett "ignored" the request. (*Id.*) Plaintiff also "informed" Deputy Dorsett and Deputy Ortega that he "did not want to go into the same cell as a rapeist [sic]," but plaintiff was handcuffed and forced into the cell by Dorsett and Ortega. (*Id.*) Plaintiff alleges that his cellmate "physically assaulted" plaintiff at an unspecified time and that plaintiff suffered "great bodily injury while [he] was handcuffed." (*Id.*) Deputy Dorsett and Deputy Ortega allegedly "were aware of the assault." Deputy Whitt was also "aware of the ongoing refusal to enter" the cell, but he "opened the cell door." (*Id.*)

Plaintiff seeks injunctive relief including the restoration of his "previous release date," as well as monetary damages. (*Id.* at 7.)

In accordance with the terms of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court has screened the Complaint prior to ordering service for purpose of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is

immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).  The Court's screening of the pleading under the foregoing statutes is governed by the following standards.  A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) "lack of a cognizable legal theory;" or (2) insufficient "facts alleged under a cognizable legal theory."  *See, e.g., Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017) (internal quotation marks omitted); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under the PLRA, the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)).  In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff.  *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Rather, a court first "discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible."  *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013); *see also Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).  Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation or an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (internal quotation marks and citations omitted).

Further, since plaintiff is a prisoner appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original).

Nevertheless, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

In addition, Fed. R. Civ. P. 8(a) ("Rule 8") states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) *a short and plain statement of the claim showing that the pleader is entitled to relief*; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct. No technical form is required." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against

them, the pleading fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby*, 574 U.S. 10, 135 S. Ct. 346, 347 (2014). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a pleading that applies even if the claims are not found to be wholly without merit. *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

Following careful review of the Complaint, the Court finds that it fails to comply with Rule 8 because it fails to state a short and plain statement of each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. In addition, its allegations appear insufficient to state any claim upon which relief may be granted, and the allegations are insufficient to state any claim against any defendant in his or her official capacity. Accordingly, the Complaint is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order, remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without leave to amend and with prejudice.[1]

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not

## A.   Monell Claims

The Complaint names all the deputy defendants, who are alleged to be employed by the SBCSD, in their official capacities. (ECF No. 1 at 3-4.) However, the Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 166. Accordingly, any claim against a defendant who is alleged to be employed by the SBCSD in his or her official capacity is treated as a claim against the SBCSD.

A local government entity such as the SDCSD "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("local governments are responsible only for their own illegal acts").

Here, the Complaint fails to set forth any factual allegations giving rise to a reasonable inference that a specific policy or custom promulgated by the SBCSD was the "actionable cause" of any alleged constitutional violation. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1146 (9th Cir. 2012) ("Under *Monell*, a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but for and proximate causation."). In

---

required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

addition, liability against the SBCSD arising from an improper custom or policy may not be premised on an isolated incident such as referenced in plaintiff's factual allegations in the Complaint. *See, e.g., Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443-44 (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events are insufficient to establish custom."), *overruled on other grounds, Bull v. City & County of San Francisco*, 595 F.3d 964, 981 (9th Cir. 2010) (en banc). Plaintiff's Complaint fails to set forth any factual allegations concerning any practice, policy, or custom of the SBCSD that he alleges was a "traditional method of carrying out policy" that caused any alleged constitutional violation.

Accordingly, the Court finds that plaintiff's Complaint fails to set forth factual allegations sufficient to allow the Court to draw a plausible inference that the SBCSD or any employee of the SBCSD (in his or her official capacity) is liable for any alleged constitutional violation. *See, e.g., Iqbal*, 556 U.S. at 678.

**B.    Rule 8**

Plaintiff's Complaint violates Rule 8 in that "Claim I" lists "right to medical care," "cruel and unusual punishment," "criminal intent with malice aforethought," and "retaliation for grievance" as violations. (ECF No. 1 at 5.) Further, plaintiff alleges within this single "claim" that Deputy Banuelos and Deputy Jackson denied plaintiff access to medical care; that Deputy Dorsett and Deputy Ortega were "deliberately indifferent" to plaintiff's safety by forcing plaintiff "to go into a cell with an adverse [sic] person"; and that Deputy Whitt was "deliberately indifferent" to plaintiff's safety when she "opened the cell door and had the deputies force" plaintiff into the cell." (*Id.*)

Initially, it is not clear whether plaintiff was a prisoner at the relevant time. Plaintiff is being held at the WVDC (*id.* at 2), but he seeks to have his "previous release date restored" (*id.* at 7), suggesting that he already has been sentenced. Plaintiff also references a prison number on his Complaint. (*Id.* at 1.) If plaintiff desires to pursue any civil rights claims arising from the conditions of his confinement at WVDC, then plaintiff should set forth factual allegations regarding his confinement status at the time the facts giving rise to each claim took place.

Further, it is not clear what claim plaintiff purports to be raising with his repeated reference to "malice aforethought" (*id.* at 3) or "criminal intent with malice aforethought" (*id.* at 3-5). To state a federal civil rights claim against a particular defendant, plaintiff must allege that the defendant deprived him of a right guaranteed under the United States Constitution or a federal statute, and that the "deprivation was committed by a person acting under color of state law." *See West v. Atkins*, 487 U.S. 42, 48 (1988). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (emphasis and alteration in original). Plaintiff's conclusory allegations that defendants acted with "malice aforethought" or "criminal intent" (ECF No. 1 at 3-4), do not raise a reasonable inference that any defendant took an act, participated in the act of another, or failed to take an action that he or she was legally required to do that caused the violation of a right guaranteed under the federal Constitution or a federal statute. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Additionally, in the same "Claim I," plaintiff alleges that Deputy Dorsett and Deputy Ortega forced plaintiff into the cell in "retaliation for filing a grievance against Jackson and Banuelos." (ECF No. 1 at 6.) Plaintiff does not set forth any factual allegations showing how and when Deputy Dorsett and Deputy Ortega learned that plaintiff had filed a grievance against different deputies. An action taken

in retaliation for the exercise of a First Amendment right is actionable under § 1983. *See Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). Filing a grievance with prison officials is a protected activity under the First Amendment. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). However, in order to state a claim under the First Amendment against a specific defendant, plaintiff must set forth factual allegations showing that the defendant took adverse action against plaintiff because of plaintiff's protected conduct. *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012). Plaintiff must set forth factual allegations showing a "causal connection between the adverse action" of the defendant against whom the claim is raised and plaintiff's protected conduct. *See Watison*, 668 F.3d at 1114. Plaintiff's Complaint fails to allege simply, concisely, and directly events that he alleges give rise to a retaliation claim against any defendant. Specifically, the factual allegations in the Complaint fail to give rise to a plausible inference that any defendant took any adverse action in retaliation for the grievance that plaintiff filed against deputies who are alleged to have retaliated against plaintiff.

Additionally, although plaintiff appears to allege claims for retaliation and deliberate indifference against Deputy Whitt (ECF No. 1 at 4), plaintiff's only factual allegation against this defendant is that Whitt "opened the cell door" (*id*. at 5) and allowed two other deputies to "force" plaintiff into his cell while plaintiff was handcuffed (*id*. at 6). Plaintiff makes a conclusory allegation that Deputy Whitt was "fully aware of the ongoing refusal to enter" (*id*.) his cell, but because the Complaint fails to allege any facts to support that Deputy Whitt was aware of plaintiff's grievance or plaintiff's reasons for refusing to enter his cell at the time that Deputy Whitt opened the cell door for the other deputies, the Court disregards such unadorned, "the-defendant-unlawfully-harmed-me accusation." *Keates*, 883 F.3d at 1243.

Because plaintiff appears to raise numerous claims under multiple legal grounds within his single "claim," and because all defendants named in this "claim" are not alleged to have participated in all parts of the alleged events, the Complaint fails to meet the minimal requirement of Rule 8 that a pleading allow each defendant to discern what he or she is being sued for. *See McHenry*, 84 F.3d at 1177; *see also Twombly*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level"). The Court is mindful that, because plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. That said, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). In addition, the Supreme Court has held that, while a plaintiff need not plead the legal basis for a claim, the plaintiff must allege "simply, concisely, and directly events" that are sufficient to inform the defendants of the "factual basis" of each claim. *Johnson*, 135 S. Ct. at 347.

Accordingly, the Court finds that plaintiff's Complaint violates Rule 8 because it fails to set forth a simple, concise, and direct statement of the factual basis of each of plaintiff's claims against each defendant.

## C.  **Eighth Amendment**

Plaintiff's Complaint appears to be raising multiple claims pursuant to the Eighth Amendment: for deliberate indifference to a serious medical need against Deputies Banuelos and Jackson (ECF No. 1 at 3, 5); and for deliberate indifference to plaintiff's "safety" against Deputies Dorsett, Ortega, and Whitt (*id*. at 5-6).

### 1. Medical Care

To the extent that plaintiff wishes to raise a claim for constitutionally inadequate medical care with his allegation that Deputies Banuelos and Jackson denied plaintiff "access to medical care" after plaintiff injured himself while working, plaintiff must set forth a short and plain statement of the factual grounds for each such claim he is purporting to raise against each defendant.

To establish a claim under the Eighth Amendment for inadequate medical care, a prisoner must show that a specific defendant was deliberately indifferent to his serious medical needs. *See Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "This includes both an objective standard – that the deprivation was serious enough to constitute cruel and unusual punishment – and a subjective standard – deliberate indifference." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (internal quotation marks omitted).

First, to meet the objective element of a deliberate indifference claim, "a prisoner must demonstrate the existence of a serious medical need." *Colwell*, 763 F.3d at 1066. "A medical need is serious if failure to treat it will result in significant injury or the 'unnecessary and wanton infliction of pain.'" *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc) (internal quotation marks omitted). Here, plaintiff's Complaint appears to allege that he suffered "pain" and that plaintiff thought that a toe had been broken when plaintiff dropped a stack of milk crates on his foot. (ECF No. 1 at 6.) Plaintiff alleges that he told Deputy Banuelos that plaintiff thought that a toe was broken and asked for "medical attention," but Deputy Banuelos returned plaintiff to his housing unit without medical attention. (*Id.*) Plaintiff also alleges that he requested medical attention "via inmate kiosk" and that he "contacted" Deputy Jackson about "receiving medical attention" (*id.*), but plaintiff sets forth no factual allegations showing that his "pain" was serious or persisted after the accident, or that his toe was, in fact, broken. Accordingly, it does not appear that, objectively, plaintiff's injuries rise to the level of a "significant injury" or the "wanton infliction of pain." *See Peralta*, 744 F.3d at 1081; *compare Jett v. Penner*, 439 F.3d 1091, 1094, 1096-97 (9th Cir. 2006) (finding an inmate's fractured thumb was a serious medical need where the inmate had been diagnosed with a fracture by an outside medical provider, provided with pain medication, and given a recommendation that he see an orthopedic doctor).

Second, to meet the subjective element of a claim, a prisoner must "demonstrate that the prison official acted with deliberate indifference." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Deliberate indifference may be manifest by the intentional denial, delay or interference with a plaintiff's medical care. *See Estelle*, 429 U.S. at 104-05. A specific prison official, however, "must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi*, 391 F.3d at 1057 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Thus, an inadvertent failure to provide adequate medical care, negligence, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment, all are insufficient to constitute an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-07; *Toguchi*, 391 F.3d at 1059-60; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Moreover, the Eighth Amendment does not require optimal medical care or even medical care that comports with the community standard of medical care. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

Here, plaintiff's general and unsupported allegation that he was denied "access to medical care" for an unspecified time period after he informed Deputy Banuelos that plaintiff thought that he may have a broken toe (ECF No. 1 at 6-7) fails to allege that any specific defendant was subjectively aware of any serious medical need or that any specific defendant acted with deliberate indifference by intentionally denying, delaying, or interfering with plaintiff's medical care for that serious medical need. To the extent plaintiff is alleging that he was not immediately provided with medical care at the time of the accident or when he first placed a formal request for

medical care, a brief delay in providing medical care, without more, is insufficient to constitute an Eighth Amendment violation. *See, e.g., Shapley*, 766 F.2d at 407.

The Complaint pleads factual allegations that are insufficient to meet either the subjective or objective components of a claim for deliberate indifference. Even if plaintiff's toe injury is considered to be a serious medical need, the factual allegations against Deputy Banuelos allege at most, that Banuelos (who is not alleged to be a medical provider) was negligent in failing to ensure that plaintiff received immediate medical care. Mere negligence is insufficient to establish that any defendant acted with deliberate indifference. *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (even "gross negligence" is insufficient to establish deliberate indifference). Moreover, although plaintiff alleged that Deputy Jackson denied plaintiff access to medical care (ECF No. 1 at 3, 5-6), plaintiff's only factual allegation against Deputy Jackson is that plaintiff "contacted" the deputy the day after his accident at work to resolve the issue about "medical attention." Plaintiff does not set forth any fact allegations from which Deputy Jackson's subjective knowledge of plaintiff's serious medical need could be plausibly inferred, and plaintiff fails to allege that Deputy Jackson took any action, participated in the action of another, or failed to take any action that he or she was legally required to do that give rise to a reasonable inference that Deputy Jackson intentionally denied, delayed, or interfered with plaintiff's medical care. *See Estelle*, 429 U.S. at 104-05.

Even if plaintiff were to set forth sufficient factual allegations to show that the injury to his toe was a serious medical need, the Complaint's allegations concerning the actions taken by defendants, construed liberally and accepted as true, are "merely consistent with a defendant's liability," and stop short of crossing the "line between possibility and plausibility." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Accordingly, plaintiff's factual allegations are insufficient to "nudge" any claims for deliberate indifference to plaintiff's medical care "across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570.

### 2. Failure to Protect

To the extent that plaintiff wishes to state a claim for a defendant's failure to protect plaintiff from the risk of serious harm of an assault by another inmate, it is clear that jail officials have a duty to protect prisoners from violence at the hands of other prisoners. *See Farmer v Brennan*, 511 U.S. 825, 833 (1994). To state such a claim, plaintiff first must show that he was incarcerated under conditions that, objectively, posed a substantial risk of serious harm. *Farmer*, 511 U.S. at 834. In addition, plaintiff must allege that a defendant was both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [that defendant] must also draw the inference." *Farmer*, 511 U.S. at 837. Officials must have "more than a mere suspicion that an attack" by another prisoner will occur. *See Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Accordingly, to show that a specific defendant acted with deliberate indifference to a risk of serious harm, plaintiff must set forth fact allegations from which a plausible inference can be drawn that each defendant knew that plaintiff faced a substantial risk of serious harm by being celled with the new cellmate and that each defendant disregarded that risk by failing to take "reasonable measures" to protect plaintiff. *Farmer*, 511 U.S. at 844; *Labatad v. Corrections Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013).

Additionally, the Ninth Circuit has held, in a case arising under the Eighth Amendment, that merely housing two inmates in the same cell when they were members of rival gangs does not raise a reasonable inference that one of the inmates was exposed to a substantial risk of harm when prison officials had no record of any problems between the two inmates who were housed together. *Labatad*, 714 F.3d at 1160-61 (plaintiff's general allegation that he had told an officer that he should not be housed with the member of the rival gang was not sufficient without specific factual allegations to raise an inference that any defendant was aware that plaintiff faced a substantial risk of serious harm). Here, plaintiff alleges that he told Deputies Dorsett and Ortega that his new cellmate "was a rapeist [sic]," and plaintiff told them

that he did not "want to be in the same cell" with that cellmate. Even construing plaintiff's allegations liberally, the mere fact that a new cellmate had engaged in violent behavior at some time in the past does not show that the cellmate posed an objectively serious risk to plaintiff if celled together. *See, e.g., Hudson v. Palmer*, 468 U.S. 517, 526 (1984) ("Prisons, by definition, are places of involuntary confinement of persons who have a demonstrated proclivity for . . . criminal, and often violent, conduct."). Further, plaintiff does not set forth any factual allegations showing that jail officials had any record of problems between plaintiff and the new cellmate or that the new cellmate was known to jail officials to pose a substantial risk of serious harm to his cellmates. The fact that plaintiff subsequently suffered a physical assault by his cellmate at an unspecified time and under unspecified circumstances does not allow a plausible inference to be drawn that Deputies Dorsett, Ortega, and Whitt were aware of a specific and substantial risk to plaintiff from this inmate at the time that they are alleged to have forced plaintiff to enter the cell to which he had been assigned.

Accordingly, if plaintiff wishes to state any claim pursuant to the Eighth Amendment against any defendant arising from the placement of plaintiff into a cell with a cellmate whom plaintiff alleges is "an adverse person" and "a rapeist [sic]," (ECF No. 1 at 5-6), should set forth a separate claim stating a "short and plain statement" of each such claim against each defendant under the standards set forth above.

**D.     Heck**

In his Complaint, plaintiff seeks injunctive relief to restore his "previous release date." (ECF No. 1 at 7.) Based on this request, it appears that the disciplinary action alleged in the Complaint (*id*. at 6), resulted in a loss of behavioral credits and that such loss of credit lengthened the duration of plaintiff's confinement.

First, to the extent that plaintiff may be seeking to have the guilty finding on a disciplinary action set aside, a petition for habeas corpus is a prisoner's sole judicial

remedy when attacking "the validity of the fact or length of … confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973); *Young v. Kenny*, 907 F.2d 874, 875 (9th Cir. 1990). In addition, a prisoner's challenge to a disciplinary action that necessarily implicates the length of his or her confinement must be brought in a petition for habeas corpus. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (barring § 1983 challenge to prison disciplinary hearing because success on the claim would result in automatic reversal of a disciplinary sanction); *Wolff v. McDonnell*, 418 U.S. 539, 554-55 (1974) (holding that prisoners may not use §1983 to obtain restoration of good-time credits). Thus, plaintiff may not use this civil rights action to seek expungement of his disciplinary conviction(s), or to seek the restoration of any lost credits *if those credits necessarily* implicate the length of his confinement. Such relief only is available in a habeas corpus action.

Second, to the extent that plaintiff may be attempting to use this civil rights action to seek monetary damages for an allegedly unlawful disciplinary action where success would *necessarily* implicate the fact or duration of his confinement, his claims are not cognizable under §1983 unless and until plaintiff can show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Under *Heck*, if a judgment in favor of a plaintiff on a civil rights action *necessarily* will imply the invalidity of his or her conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence already has been invalidated. *Id.* Thus:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original); *see also*

*Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc) ("challenges to disciplinary proceedings are barred by *Heck* only if the § 1983 action would be 'seeking a judgment at odds with [the prisoner's] conviction or with the State's calculation of time to be served'").

Here, it appears that success on some of the claims that plaintiff may be raising in this civil rights action would necessarily impact the duration of plaintiff's sentence. If success would necessarily result in an earlier release, then plaintiff must raise his claims in a habeas petition. Accordingly, if the success of any of plaintiff's claims herein would demonstrate the invalidity of a disciplinary action and would *necessarily* implicate the length of plaintiff's sentence, such claims are barred in this action unless plaintiff demonstrates that his disciplinary conviction already has been invalidated.

\*\*\*\*\*\*\*\*\*\*\*\*

If plaintiff still desires to pursue this action**, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order**, remedying the pleading deficiencies discussed above. The First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint, or any other pleading, attachment, or document.

Plaintiff is admonished that, irrespective of his *pro se* status, if plaintiff wishes to proceed with this action, then he must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California. *See, e.g., Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("*pro se* litigants are not excused from following court rules"); including the Local Rules regarding the format of a pleading, such as L.R. 11-3.2, which requires that the lines on each page be numbered and that no more than 28 lines of double-spaced text be on each page. Similarly, plaintiff must comply with Fed. R. Civ. P. 10, which requires that the caption of a pleading include all defendants

listed in the body of the pleading.  Here, the caption of the Complaint lists the SBCSD as a defendant, but that entity is not named as a defendant in the body of the Complaint.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize.  Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or he fails to remedy the deficiencies of this pleading as discussed herein, then the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.

**IT IS SO ORDERED**.

DATED:  7/19/2019

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

Attachment:  Form CV-066
                      Form CV-009

18